IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TITUS LINTON, #K-62396,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 16-cv-00492-NJR |
| | ) | |
| **S.A. GODINEZ, PRONGER,** | ) | |
| **JESSE MONTGOMERY,** | ) | |
| **JEFF MOORE, JIMMY SULLIVAN,** | ) | |
| **HIRAM GRAU, R. HARRINGTON,** | ) | |
| **KIMBERLY BUTLER,** | ) | |
| **AARON BROOKS, WATSON,** | ) | |
| **MICHAEL HOF, CARTER,** | ) | |
| **DAVIDSON, KENT BROOKMAN,** | ) | |
| **PRESLEY, WESTPHAL,** | ) | |
| **ANGELA CRAIN, AMY LANG,** | ) | |
| **D. DWIGHT, LINDA CARTER,** | ) | |
| **LORI OAKLEY, and** | ) | |
| **UNKNOWN DEFENDANTS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Titus Linton, an inmate currently incarcerated at Menard Correctional Center, recently filed a complaint pursuant to 42 U.S.C. § 1983, asserting fourteen claims against twenty-one known and at least seven unknown defendants.

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A and dismiss the complaint. As will be discussed below, the

complaint violates the pleading requirements set forth in the Federal Rules of Civil Procedure and clearly runs afoul of *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). The dismissal shall be without prejudice, however, and Plaintiff will be given an opportunity to file an amended complaint.

## Discussion

Plaintiff' complaint spans sixty-five pages. (Doc. 1). The substantive allegations are set forth in the first twenty-one pages. *Id*. at 1-21. The remaining forty-four pages consist of exhibits. (Docs. 1-1 and 1-2). The complaint sets forth a narrative of Plaintiff's claims, which include the following constitutional and federal law claims: failure to protect Plaintiff from correctional officers and other inmates; denial of medical treatment; failure to provide an adequate accommodation to Plaintiff under the Americans with Disabilities Act ("ADA"); due process claims related to Plaintiff's administrative detention; correctional officers' use of excessive force against Plaintiff; denial of a medical diet; denial of exercise and recreation privileges; and the denial of Plaintiff's right to freely exercise his religion.

It is extremely difficult to understand the complaint because it jumps around from one claim to another, which makes it very confusing and difficult to follow. Moreover, it is nearly impossible to know which of the twenty-one known and seven unknown defendants Plaintiff seeks to hold liable under each claim. Although he has outlined fourteen claims separate from his narrative description of his allegations, he has failed to identify the individual defendants associated with each of his claims in this section.

Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Rule 8(d)(1) states, "Each allegation must be simple, concise, and direct."

> The primary purpose of these provisions is rooted in fair notice: Under Rule 8, a complaint 'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.' *Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir.) (citations omitted), *cert. denied,* 510 U.S. 868, 114 S. Ct. 193, 126 L. Ed. 2d 151 (1993); *see also Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint 'must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search' of what it is the plaintiff asserts). A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation.

*Vicom, Inc. v. Harbridge Merch. Serv., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994). *See also Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) ("District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention.")

But the fatal flaw with Plaintiff's complaint is that it attempts to join unrelated claims against different defendants. The Seventh Circuit has admonished district courts that "buckshot complaints" that seek to join unrelated claims against multiple defendants belong in different suits and should be rejected "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(b), (g)).

Although Federal Rule of Civil Procedure 18 allows a plaintiff to include in one complaint "every claim of any kind against a single defendant," Federal Rule of Civil Procedure 20 allows additional claims against separate defendants only if the additional claims arise "out of the same transaction, occurrence, or series of transactions or occurrences." *See* FED. R. CIV. P. 18(a), 20(a)(2). A "litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). That is exactly what Plaintiff has done.

Specifically, Plaintiff has joined numerous discrete claims against separate groups of defendants in a single action. From what the Court can glean, the claims fall into *at least* six separate categories: (1) medical issues; (2) failure to protect claims; (3) disability-related access claims under the ADA; (4) excessive force claims; (5) free exercise of religion claims; and (6) claims regarding his punishment with administrative detention without due process of law. Although the Court cannot be sure (because it is unclear which defendants are associated with each claim), each category of claims appears to involve a discrete group of defendants. As such, it appears that Plaintiff should have filed at least six separate lawsuits to address these claims, instead of one. When a plaintiff presents the Court with a complaint that violates Rule 20, the Court may require a plaintiff to submit "separate complaints, each confined to one group of injuries and defendants," which will then be "separately screened." *Id.*

At this point, Plaintiff has two options. He may pare down his case and proceed with a complaint that is limited to one discrete group of injuries and defendants. To do this, Plaintiff will need to draft an amended complaint that focuses on one group of injuries and defendants and submit it to this Court as a "First Amended Complaint" using this case number, *i.e.*, 16-cv-00492-NJR. If Plaintiff chooses this path, he will only incur the filing fee for this action; his other unrelated claims against different defendants will be considered abandoned by omission.

Plaintiff's other option is to *also* proceed with the unrelated claims in separately filed actions. If he chooses this path, Plaintiff must draft one or more additional "separate complaints, each confined to one group of injuries and defendants." *Kadamovas v. Stevens*, 706 F.3d 843, 847 (7th Cir. 2013). He should file each additional complaint as a *new* action. Plaintiff will be obligated to pay a filing fee for each new action he commences. When deciding which claims to pursue in this action and which ones to pursue in separately filed actions, Plaintiff should remain

mindful of the applicable statute of limitations.[1] If Plaintiff is concerned that any of his claims might be barred by the statute of limitations, he may include these claims as part of his First Amended Complaint, but they must be clearly identified as such. The Court will then automatically sever those claims into new actions. Plaintiff will still be obligated to pay a filing fee for these separate actions, but for statute of limitations purposes, those claims will be considered filed as of the date of the filing of the present action.

Finally, Plaintiff should be aware that every complaint is subject to preliminary review and a possible "strike" under § 1915A. Every complaint is also subject to severance by this Court. Because the Court takes no position regarding any of the above-listed claims, some of them may be subject to dismissal at screening even after the Court severs unrelated claims into new cases. *See Wheeler*, 689 F.3d at 683 (noting that a district court may "creat[e] multiple suits" before preliminary review in a misjoinder situation, which can then be "separately screened").

Plaintiff shall be given thirty-five days from the date of this Order to choose which path he wishes to take. If he chooses neither and does not respond to this Court's Order, the Court will dismiss this case under Federal Rule of Civil Procedure 41(b) for failure to abide by an Order of the Court.

### Pending Motions

**Motions to Amend Complaint (Docs. 5 and 9)**

Plaintiff has filed two motions seeking to amend his complaint. In light of this Order, Plaintiff's motions are **DENIED as moot**.

---

[1] Section 1983 claims brought by prisoners who were injured in Illinois are governed by a two-year statute of limitations. *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006).

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to comply with Rule 20 of the Federal Rules of Civil Procedure.

Plaintiff is **GRANTED** leave to file his "First Amended Complaint" within **THIRTY-FIVE DAYS** of entry of this Memorandum and Order (on or before **July 5, 2016**). Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, this case will be dismissed for failure to comply with an order of this Court and the case will be closed. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

Plaintiff is **ADVISED** that should he decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action. The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff **SIX** blank civil rights complaint forms.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous

pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 31, 2016**

*/s/ Nancy J. Rosenstengel*

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**