IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TITUS LINTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-CV-00492-NJR-DGW |
| | ) |
| ANGELA CRAIN, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 40), which recommends denying the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendant Angela Crain (Doc. 19). For the reasons explained below, the Court adopts Magistrate Judge Wilkerson's Report and Recommendation.

On June 22, 2016, Plaintiff Titus Linton filed an amended complaint pursuant to 42 U.S.C. § 1983 alleging staff at Menard Correctional Center were deliberately indifferent to his health, in violation of the Eighth Amendment to the United States Constitution. Specifically, Linton alleges that his physical disabilities require the use of a cane, which was confiscated upon arriving at Menard. Additionally, his medical permits were not honored. After an initial screening of his complaint pursuant to 28 U.S.C. § 1915A, Linton was permitted to proceed on one count against Defendant Angela Crain, the nursing supervisor at Menard. Linton alleges Defendant Crain was deliberately

indifferent to his medical needs when she falsified statements about his care and failed to provide sufficient care commensurate to his actual needs.

In March 2017, Crain filed a motion for summary judgment on the issue of exhaustion of administrative remedies (Doc. 19). Linton responded shortly thereafter (Doc. 23). Magistrate Judge Wilkerson held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), on June 22, 2017 (Doc. 31), and subsequently issued the Report and Recommendation currently before the Court (Doc. 40). Objections to the Report and Recommendation were due November 27, 2017. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). No objections were filed.

In his findings of fact, Magistrate Judge Wilkerson found that Linton submitted a grievance on April 10, 2014, that is relevant to his claim against Defendant Crain. In his April 10, 2014 grievance, Linton outlined his medical conditions and history and stated that he had been deprived of his medication and his cane by unnamed medical staff and nurses "and whomever else that they had called in the healthcare unit who denied me both my medications and to be seen by the doctor . . . ." (Doc. 23, p. 43). Linton submitted this grievance as an emergency and received a response from the grievance officer stating that it was forwarded to the "Health Care Unit," which indicated that Linton had a six-month supply of medication, that he would see the doctor, and that he would receive his medical permits. The grievance was deemed moot because of "the on-going medical evaluation and treatment." Linton signed the bottom of the grievance indicating he intended to appeal the grievance to the Administrative Review Board ("ARB").

Magistrate Judge Wilkerson also found Linton submitted an emergency grievance on April 22, 2014, that is relevant to his claim against Defendant Crain. In this grievance, Linton complained that the Health Care Unit ("HCU") gave "intentional false information when [it was] stated that I was prescribed all my medications for six months." He further stated that the "HCU staff has lied concerning this matter as of April 10, 2014," that he was still without his medication, and that his medical appointments were cancelled by the HCU. In response to this grievance, the grievance officer stated, without further explanation: "Forward grievance direct to the [ARB} (protective custody, enforced medication, disciplinary reports from other facilities, decisions rendered by the Director, etc.)" The response further provided that the issue was previously addressed on April 10, 2014, and there was no justification for any further consideration.

Magistrate Judge Wilkerson concluded the April 10, 2014 grievance sufficiently exhausted Linton's claim that Defendant Crain was deliberately indifferent to his health needs. While the grievance did not specifically name Crain, Linton testified at the *Pavey* hearing that he did not know her name at the time. Furthermore, she was the person in the healthcare unit that the nurses called regarding his health needs. And, even the grievance officers referred to Crain as the "HCU" in their responses to Linton. Accordingly, Linton's failure to specifically name Crain did not preclude exhaustion. Furthermore, while the ARB had no record of the appeal, Magistrate Judge Wilkerson credited Linton's verified response indicating he submitted the grievance to the ARB.

The Report and Recommendation also concludes that Linton's April 22, 2014 grievance exhausted his claim that Defendant Crain made false statements, thereby preventing Linton's receipt of medical care. Because the prison did not address the grievance on the merits, Linton's administrative remedies were deemed unavailable and he was required to do nothing more to exhaust his claim.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While a *de novo* review is not required here, the Court has carefully reviewed the evidence and Magistrate Judge Wilkerson's Report and Recommendation for clear error. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson. Linton sufficiently identified Defendant Crain in his grievances when he referred to the HCU. He further submitted his grievances through the appropriate institutional channels. When his April 10, 2014 grievance was deemed moot, Linton signed the grievance to indicate his intent to appeal to the ARB. Magistrate

Judge Wilkerson found Linton's testimony credible that he did, in fact, submit this grievance to the ARB. It is not the role of this Court to second guess such credibility determinations. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011); *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations."). Furthermore, the prison returned rather than replied to Linton's April 22, 2014 grievance. By refusing to address Linton's April 22, 2014 emergency grievance on the merits, indicating no further consideration was justified, the prison rendered the process unavailable to Linton.

The Court finds no clear error in Magistrate Judge Wilkerson's Report and Recommendation. Thus, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 40) in its entirety. The Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendant Angela Crain (Doc. 19) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   December 8, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**